# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VIASYSTEMS TECHNOLOGIES CORP., LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08-CV-124 CAS |
| FOREST CITY COMMERCIAL DEVELOPMENT, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is defendant Forest City Commercial Development, Inc.'s ("Forest City") motion for a protective order. Defendant moves that the Court enter a protective order precluding plaintiff Viasystems Technologies Corp., LLC ("Viasystems") from commencing discovery at this time. According to defendant's memorandum in support, which was attached to defendant's motion[1], Viasystems served defendant with a notice of deposition and document requests on February 5, 2008, eleven (11) days after the filing of the complaint, seeking compliance on March 4, 2008. Defendant further avers that its requests that plaintiff withdraw the notice of deposition and discovery requests have been ignored. Viasystems responded to the motion and states that defendant's motion for a protective order is now moot because the date for the deposition has passed. Plaintiff, however, did not address in its response the status of the discovery requests. For the following reasons, the Court will grant defendant's motion for a protective order to the extent plaintiff is seeking discovery prior to the time provided for in the Federal Rules of Civil Procedure.

---

[1]Defendant filed its memorandum in support as an attachment to its motion for a protective order. In the future, the Court would prefer, for clarity of the record, that memoranda be filed as separate documents.

**Discussion**

Plaintiff filed its complaint on January 25, 2008. It appears defendant was served with a copy of the complaint on January 31, 2008, and it has been granted leave to respond to the complaint on or before March 6, 2008. Plaintiff served defendant with written discovery requests and a notice of deposition on February 5, 2008, and it is undisputed that the parties have yet to meet for a Rule 26(f) conference.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Furthermore, Rule 31(a)(2)(c) provides that a party must seek leave of court to take a deposition before the time specified in Rule 26(d), and Rule 34(b) states that written requests for production of documents may not be served without leave of court, written stipulation, or before the time specified in Rule 26(d).

Plaintiff has not sought leave of Court to serve discovery, there has been no stipulation, and the parties have not yet met for a Rule 26(f) conference. Accordingly, plaintiff's discovery requests and notice of deposition were premature and improperly served. Therefore, the Court will grant defendant's motion for a protective order precluding plaintiff from seeking discovery outside the time allowed by the Federal Rules of Civil Procedure.[2]

---

[2] In its response, plaintiff requests that the Court set a Rule 16 scheduling conference "at the Court's earliest date." The Court encourages both parties, who are both appearing with out-of-town counsel, to review the undersigned's requirements, which are found on the webpage of Eastern District of Missouri. As stated in these requirements, the undersigned will not issue an order setting a Rule 16 scheduling conference until all defendants have responded to the complaint. Therefore, plaintiff can anticipate that the Court will issue such an order once defendant has filed its responsive pleading.

Finally, defendant also requests that the Court issue an order precluding discovery in this case until the Court had ruled on defendant's motions to dismiss or, in the alternative, to transfer, and until such time as a so-called indispensable party has been joined. As defendant has not yet filed these motions or moved that an alleged indispensable party be joined in this suit, defendant's request is premature. Defendant's request that a protective order be entered precluding discovery until these issues have been resolved will denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Forest City Commercial Development, Inc.'s motion for a protective order is **GRANTED in part** and **DENIED in part** without prejudice. [Doc. 19]

**IT IS FURTHER ORDERED** that plaintiff Viasystems Technologies Corp., LLC is hereby precluded from conducting discovery before the time specified in the Federal Rules of Civil Procedure. The Court, however, declines to stay discovery until the resolution of motions that have not yet been filed.

                                                                   **CHARLES A. SHAW**
                                                                   **UNITED STATES DISTRICT JUDGE**

Dated this ___5th___ day of March, 2008.