# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VIASYSTEMS TECHNOLOGIES, CORP. L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08-CV-124 CAS |
| FOREST CITY COMMERCIAL DEVELOPMENT, INC., | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendant Forest City Commercial Development Inc.'s ("Forest City") motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party under Rule 19. Defendant has also moved, in the alternative, that the case be transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404. Plaintiff Viasystems Technologies, L.L.C., ("Viasystems") opposes both motions. For the following reasons, the Court will grant defendant's motion to transfer to the United States District Court Eastern District of Virginia, and it declines to decide defendant's motion to dismiss.

*Background*

Viasystems, a Delaware limited liability company with its principal place of business in Missouri, brings a one-count complaint against Forest City, an Ohio corporation with its principal place of business in Ohio, for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. From the briefs and records before the Court, it appears Viasystems and Forest

City entered into a purchase agreement on or about April 12, 2006, whereby Forest City agreed to buy approximately 137 acres of land near Richmond, Virginia from Viasystems for a development.

At the time of sale, it appears the parties acknowledged there was environmental contamination on the property. Terms in the purchase agreement addressed the duties and responsibilities of the respective parties regarding the clean-up of environmental contamination, and more specifically, those involving moving a groundwater treatment system to another location on the property.

Subsequent to the date of the purchase agreement, Forest City claims it assigned its rights, title, and interest in the purchase agreement to its affiliated companies, Simi Valley Town and Country, Inc., Laburnum Investment, L.L.C.'s sole member, and Laburnum Associates, L.L.C. While plaintiff disputes the validity of these assignments, no one claims that either of the Laburnum entities have contacts or conduct business in Missouri. The Laburnum entities are Virginia limited liability companies.

Following closing on the sale, Viasystems was obligated to place Two Million dollars ($2,000,000.00) into escrow. Defendant claims Laburnum Investment agreed to allow Viasystems to obtain a One Million dollar ($1,000,000.00) letter of credit in lieu of the Two Million dollar ($2,000,000.00) escrow, pending the completion of certain environmental work.

On October 11, 2006, a meeting took place in St. Louis, Missouri between the parties and EarthTech, an environmental consultant from Virginia that was identified in the purchase agreement. At this meeting, the parties and EarthTech discussed the scope of work required to move the groundwater treatment system, as well as, the respective obligations and responsibilities of the parties under the purchase agreement regarding the relocation of the contaminated system. Other

environmental cleanup work was also discussed. Plaintiff maintains the parties each entered into a contract with EarthTech regarding the work to be done to relocate of the groundwater treatment system.

During the course of developing the property and demolishing buildings, Forest City and/or Laburnum Investment encountered other environmental contamination on the property that may or may not have been related to the relocation of the groundwater treatment system. Forest City and/or Laburnum Investment demanded that Viasystems pay for costs incurred for remediation and the clean-up of hazardous materials the contractors encountered during the development of the property. A dispute arose between the parties as to which entity was responsible for these clean-up costs under the terms of the purchase agreement.

On December 19, 2007, Viasystems and Laburnum Investment entered into an escrow agreement, which acknowledged the dispute between the parties regarding the costs of the environmental clean-up. The December 19, 2007 escrow agreement provided for Viasystems' funds to be held in escrow pending resolution of the disagreement. Forest City was not a party to this escrow agreement.

In its complaint, which is brought pursuant to the Federal Declaratory Judgment Act, Viasystems alleges that Forest City, not Laburnum Investment, is wrongfully withholding release escrow funds. Viasystems asks that the Court declare that (1) under the terms of the purchase agreement, Viasystems is only responsible only for costs incurred in the relocation of the groundwater treatment system; (2) the purchase agreement does not require Viasystems to fund Forest City's redevelopment of the property, including environmental costs incurred that relate to demolition work; (3) Viasystems is not responsible to indemnify Forest City for costs of the environmental issues

detailed in a letter from Forest City's counsel dated November 16, 2007[1]; (4) Viasystems is entitled to the remaining funds from the Letter of Credit, plus applicable interest; and (5) Viasystems is entitled to the immediate release of the funds in escrow.

*Discussion*

**I.     DEFENDANT'S MOTION TO TRANSFER VENUE**

The Court will first address defendant's motion to transfer. In its motion, defendant Forest City seeks to have the case transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Virginia, where the property that is the subject matter of the purchase agreement is located. Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The determination whether to grant or deny a request to transfer under § 1404(a) is within the sound discretion of the trial court. Hubbard v. White, 755 F.2d 692, 694 (8th Cir. 1985).

**A.     Venue Is Proper in the Eastern District of Virginia.**

The first step in the Court's § 1404(a) analysis is to determine whether the action "might have been brought" in the Eastern District of Virginia. In other words, is venue proper in the Eastern District of Virginia?

---

[1]Though referenced in the complaint, a copy of this November 16, 2007 letter was not attached to plaintiff's complaint. The letter, however, was attached as an exhibit to plaintiff's memorandum in opposition. In the letter, Gregory McCann, assistant general counsel for Forest City Enterprises, Inc., details specific environmental costs Forest City and/or Laburnum Investment encountered during the development of the property that they believe are compensable under the terms of the purchase agreement. Attached to the letter is a very detailed list of such costs.

In its complaint, plaintiff pleads that the Court's subject matter jurisdiction rests on diversity. Section 1391(a) applies to civil actions, such as this one, where jurisdiction is based on diversity. Diversity actions may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

Section 1391(c) further provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. . . . 28 U.S.C. § 1391(c).

It appears undisputed that venue is proper in the Eastern District of Virginia. This is where the property that is the subject matter of the purchase agreement is located, and "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Virginia. 28 U.S.C. § 1391(a). Furthermore, Forest City, currently the sole named defendant, resides and is subject to personal jurisdiction in the Eastern District of Virginia in that it has conducted business in the Commonwealth of Virginia and has substantial contacts there as well. In sum, the Eastern District of Virginia is a judicial district where this action "might have been brought." 28 U.S.C. § 1404(a).

### B. Relevant Factors Weigh in Favor of Transfer to the Eastern District of Virginia.

The Court must then determine, using a number of factors, whether transfer is justified under the circumstances of the case. In general, federal courts are give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997). See also Biometics, LLC v. New Womyn, Inc., 112 F. Supp.2d 869, 875 (E.D.Mo. 2000). The party seeking transfer is required to make a "clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 927 (E.D.Mo. 1985). See also May Dep't Stores Co. v. Wilansky, 900 F. Supp. 1154, 1166 (E.D.Mo. 1995). A transfer which would merely shift the inconvenience from one party to another should not be granted. Houk, 613 F. Supp. at 928.

Section 1404(a) sets forth three broad categories of interests that must be considered in ruling on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) interests of justice. Terra Int'l, 119 F.3d at 691. Of these, convenience of the witnesses is considered a primary, if not the most important, consideration. Biometics, 112 F. Supp.2d at 876; May Dep't Stores, 900 F. Supp. at 1165. The Court, however, is not limited to consideration of these three enumerated factors. Section 1404(a) requires a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, 119 F.3d at 691. "The 'myriad of factors' which may be considered include access to sources of proof, availability of compulsory process for witnesses, expenses attendant to the production of witnesses, the governing

law, the possibility of delay and prejudice if a transfer is granted, and the relative advantages and obstacles to a fair trial." Continental Research Corp. v. Drummond Am. Corp., 2007 WL 4287873, at *3 (E.D.Mo. Dec. 6, 2007) (citing to May Dep't Stores, 900 F. Supp. at 1165; Houk, 613 F. Supp. at 927; Woolridge v. Beech Aircraft Corp., 479 F. Supp. 1041, 1057 (W.D.Mo. 1979)). Furthermore, there are various "public factors" which can be considered in the interest of justice, which include "the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, . . . the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens in an unrelated forum with jury duty." Id. (citing to Piper Aircraft v. Reyno, 454 U.S. 235, 241 (1981)).

### 1. Convenience of the parties.

In its current posture, this suit involves plaintiff Viasystems, which has its principal place of business in Missouri, and defendant Forest City, which has its principal place of business in Ohio. Both parties, however, have conducted or currently conduct substantial business transactions in the Commonwealth of Virginia, and they both own or have owned real property in the state. From the record before the Court, it would appear that aside from one meeting that took place in St. Louis, which did not even involve negotiations of the purchase agreement in question, the vast majority of the events giving rise to this dispute occurred in Virginia. See Biometics, 112 F. Supp.2d at 877 ("The Court gives less deference to plaintiff's choice of forum than it would . . . if defendant'[s] allegedly infringing activity was centered here.") In light of its connections with the Commonwealth of Virginia, it would not be inconvenient for Viasystems to litigate in the Eastern District of Virginia.

Defendant also argues in its Rule 12(b)(7) motion to dismiss that Laburnum Investment is an indispensable party to this litigation, but that the company is not subject to personal jurisdiction or service of process in Missouri. The Court declines to decide whether Laburnum Investment is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. That said, it appears from the record that at the very least Laburnum Investment is an interested party to this litigation. It also appears from the record that Laburnum Investment has no connection with the State of Missouri and would not be subject to personal jurisdiction in this Court.[2] Defendant claims, and plaintiff does not dispute, that Laburnum Investment is subject to personal jurisdiction in the Commonwealth of Virginia. Therefore, transfer to the Eastern District of Virginia would facilitate the joinder of this potential defendant, which weighs in favor of transfer.

Although it might be more convenient for plaintiff to litigate this case in Missouri, other factors weigh in favor of transfer to Virginia. Plaintiff would be only slightly more inconvenienced (if at all) by litigating in Virginia as opposed to Missouri, as Viasystems' ties to this forum are not central to the issues being litigated in this case, and it has had extensive connections with the Commonwealth of Virginia.

### 2. Convenience of the witnesses.

As noted above, convenience of the witnesses is a "primary, if not the most important" consideration when ruling on a motion to transfer venue. Biometics, 112 F. Supp.2d at 876; May Dep't Stores, 900 F.Supp. at 1165. The Court finds the vast majority of potential non-party

---

[2]Plaintiff does not refute Laburnum Investment is not subject to personal jurisdiction, as a separate entity, in the State of Missouri. Rather, it suggests the company is an alter ego of Forest City and that further discovery is needed to determine the extent of the relationship between Laburnum Investment and Forest City.

8

witnesses in this case are located in Virginia. Defendant has identified several categories of third-party witnesses who are likely to be called to testify in this matter, including, civil and soil engineers, contractors, project managers, administrative support, and state witnesses from regulatory agencies. All of these witnesses, defendant claims, reside in Virginia, and would not be subject to the Court's subpoena power.

In response, plaintiff does not dispute that these witness are located in Virginia, rather, it argues: (1) that testimony from these witnesses would not be necessary because the dispute involves the interpretation of a purchase agreement; (2) that witnesses from one of these entities, EarthTech, have voluntarily come to this district to conduct business, and they will come to testify; and (3) that those witnesses who are not under the Court's subpoena power can be deposed and their deposition testimony used at trial.

The Court finds plaintiff's arguments are not compelling. While the dispute may involve the interpretation of a purchase agreement, that interpretation will not take place in a vacuum. As the Court understands the dispute, environmental contamination occurred during the development of the property Forest City purchased; while terms in the purchase agreement addressed the duties and responsibilities of the parties with regard to environmental issues, there remains questions as to which entity is responsible for the costs of the environmental clean-up of the contamination encountered on the property. In fact, in its complaint, plaintiff requests that the Court declare it is not responsible for certain enumerated environmental costs detailed in a demand letter dated November 16, 2007. It is clear to the Court that in order to decide which entity is responsible for the clean-up costs in question, testimony may be necessary to determine where the contamination occurred on the property and under what circumstances it was discovered. The Court finds it reasonable that testimony from

9

several witnesses involved in the development of the project may be required. Plaintiff does not dispute these witnesses are located in Virginia, and it points to no non-party witnesses who are located in Missouri.

As for EarthTech, the fact that agents from this company came to a meeting in St. Louis, Missouri to conduct business does not necessarily mean they would voluntarily return to testify. Furthermore, EarthTech is but one entity out of many that are involved in the case. Lastly, the Court does not disagree with plaintiff's assertion that under certain circumstances deposition transcripts can be used at trial. It is the Court's belief, however, that live testimony is superior to the reading of deposition testimony at trial. All told, the convenience of the witnesses weighs heavily in favor of transfer to Virginia.

### 3. Interest of justice

Finally, in regard to considerations of justice and fairness, these factor also weigh in favor of transfer to the Eastern District of Virginia. Plaintiff's complaint alleges one count under the Federal Declaratory Judgment Act. However, as plaintiff has repeatedly asserted, this dispute involves the interpretation of a purchase agreement, and the agreement has a Virginia choice of law provision.[3] In fact, none of plaintiff's claims involve Missouri law. While this Court has the power to decide issues of state law, including law from non-forum states, a court in Virginia would have more experience and more of an interest in deciding the dispute.

It is also significant that the events giving rise to this dispute did not take place in Missouri. Viasystems makes much ado of the fact that it and Forest City met with EarthTech for a meeting in St. Louis, Missouri. This meeting, however, did not involve negotiations of the purchase agreement.

---

[3]Neither party claims the purchase agreement in question has a forum selection clause.

Contracts with EarthTech regarding the work to be done to relocate of the groundwater treatment system, which may have been entered into at this meeting, are not at issue in this dispute. The events at the center of this lawsuit, including the discovery of environmental contamination and the ensuing clean-up, all occurred in Virginia. Furthermore, the property at issue, documents, and witnesses are all located in that state. The connections to Missouri are limited, and a Missouri jury should not bear the burden of hearing a case with only tenuous connections to this forum.

It is also worth noting that, although this case is essentially a contract dispute over the terms of a purchase agreement, it was brought by plaintiff not for breach of contract, but as a declaratory judgment action. Defendant Forest City could have initially brought this suit on its own terms and in its choice of forum. Continental Research Corp., 2007 WL 4287873, at *4.

Finally, the Court notes the case is in the preliminary stages of litigation. No answer has been filed, and the parties have yet to appear for a Rule 16 conference. Therefore, the parties would not be unduly prejudiced by a transfer at this early stage. The Court concludes the interest of justice weighs in favor of transfer to Virginia.

*Conclusion*

In the interest of justice and for the convenience of the parties and witnesses, the Court finds this case should be transferred to United States District Court for the Eastern District of Virginia. As defendant's motion to transfer will be granted, the Court declines to decide whether the case should be dismissed pursuant to Rule 12(b)(7) because plaintiff failed to join an indispensable party. Defendant's Rule 12(b)(7) motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Forest City Commercial Development, Inc.'s motion to dismiss for failure to join an indispensable party or, in the alternative, to transfer venue under 28 U.S.C. § 1404 to the United States District Court for the Eastern District of Virginia is **GRANTED in part** and **DENIED in part.** The Court **GRANTS** the motion to the extent defendant seeks transfer to the Eastern District of Virginia. In all other respects, the motion is **DENIED without prejudice.** [Doc. 23]

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404, the Clerk of Court shall transfer this case to the United States District Court for the Eastern District of Virginia, Richmond Division.

**IT IS FURTHER ORDERED** that the Rule 16 Conference that was set in this case for June 13, 2008, is cancelled and shall be removed from the docket.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of May, 2008.